

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William J. Lawson
Secretary of State
Austin, Texas

Attention:  Mr. Will Mann Richardson

Dear Sir:

Opinion No. 0-4274
Re: May an amendment changing
the purpose of the corpora-
tion (Texas Storage Company)
from that mentioned to that
set out in Secs. (d) and (e),
Subdiv. 80, Art. 1302, be
approved by the Secretary of
State?

         Your letter of recent date requesting an opinion
of this department on the above stated question reads as
follows:

                    "Re:   Texas Storage Company

         "The above named corporation was granted a
charter in 1922 with the purpose clause providing
as follows:

         "'This association is formed under Article
1121, Section 28, of Vernon's Sayles' Texas Civil
Statutes of 1914, for the purpose of conducting
public warehouses for the storage of products
and commodities.'

         "The company has now submitted an applica-
tion to this office for an amendment amending its
purpose clause and stating that its purpose is
within Subdivision 80 of Article 1302 Sections
(d) and (e).  The corporation is doing a ware-
house business and wishes to do a transportation
business in connection with its warehouse business.
This Department was of the opinion that the amend-
ment would change the purpose of the corporation
from one subdivision to another subdivision of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable William J. Lawson, Page 2

Article 1302 and declined to approve the amendment, as a violation of the last sentence of Article 1314.

"Attorneys for the corporation contend that this is not a change of the original purpose, but an adoption of additional powers granted by Subdivision 80.

"We would appreciate an opinion from your Department as to whether an amendment changing the purpose of the corporation from that mentioned above to that set out in Sections (d) and (e) of Subdivision 80 of Article 1302 may be approved by this Department."

Article 1121 of Vernon's Sayles' Texas Civil Statutes of 1914 reads in part as follows:

"* * * 28. The construction of purchase and maintenance of mills, gins, cotton compresses, grain elevators, wharves, and public warehouses for the storage of products and commodities, and the purchase, sale and storage of products and commodities by grain elevator and public warehouse companies, and the loan of money by such elevator or public warehouse companies. * * *"

Section 28 of Article 1121 as contained in Vernon's Texas Civil and Criminal Statutes, 1922 supplement, reads as follows:

"28. The construction of purchase and maintenance of mills, gins, cotton compresses, grain elevators, wharves, and public warehouses for the storage of products and commodities, and the purchase, sale and storage of products and commodities by grain elevator and public warehouse companies, and the loan of money of such elevator and public warehouse companies, and to act as general commercial brokers and as custom brokers in the United States and foreign countries. (Acts 1920, 36th Leg. 3rd C.S., Ch. 17, Sec. 1, amending Article 1121, Sec. 28, R.C.S.)

"That all corporations heretofore organized under said Section 28, Article 1121, of the Revised Civil Statutes of the State of Texas be and they

are hereby vested with the additional power provided by this Act. (Acts 1920, 36th Leg., 3rd C.S., Ch. 17, Sec. 2)"

Subdivision 80 of Article 1302, Vernon's Annotated Civil Statutes, reads as follows:

"80. To do business in any state or foreign country; (a) the establishment of land companies to buy, own, sell and convey real estate and minerals, and engage in mining, agricultural and stock raising.

"(b) Do a general business in merchandise and manufactures.

"(c) The acquisition, construction, maintenance, operation and owning of power and illuminating plants, and systems of every character.

"(d) The acquisition, construction, maintenance, operation and owning of urban and other lines of railway and all other kinds of transportation and communication.

"(e) The improvement of harbors and rivers, and the acquisition, construction, ownership and operation of canals, irrigation work, wharves and warehouses, and all kinds of machinery, tools and materials used for all the purposes enumerated in this subdivision. Any corporation organized hereunder shall only own such real estate in this state as may be necessary for its office. Every charter granted hereunder which may include more purposes than are contained in any one paragraph of this subdivision, a separate franchise fee or tax shall be paid to this state for the additional purposes for which such corporation is organized."

There is statutory provision for the amendment of the charter both where the incorporation is under the general law and where the corporation has been created by special act of the Legislature. Article 1314, Vernon's Annotated Civil Statutes, provides:

"Any private corporation organized or incorporated for any purpose mentioned in this

Honorable William J. Lawson, Page 4

title, may amend or change its charter or act of incorporation by filing, authenticated in the same manner as the original charter, such amendments or changes with the Secretary of State. A corporation created by a special act of the Legislature shall also file with said officer its original charter and such amendment thereto or changes therein, if any, as have been made by special act of the Legislature; and the same shall be recorded by the Secretary of State, followed by the proposed amendment or changes thereof. Such amendments or changes shall take effect and be in force from the date of the filing thereof. The certificate of the Secretary of State shall be evidence of such filing. No amendment or change violative of the constitution or laws of this State or any provision of this title or which so changes the original purpose of such corporation as to prevent the execution thereof, shall be of any force or effect."

Under the present charter of the Texas Storage Company, said company, is incorporated "For the purpose of conducting public warehouses for the storage of products and commodities". Section (d) of Subdivision 80, Article 1302, Vernon's Annotated Civil Statutes, authorizes companies incorporated thereunder to acquire, construct, maintain, operate and own urban and other lines of railway and all other kinds of transportation and communication. Section (e) of said Subdivision 80 authorizes companies incorporated under said Subdivision and section to improve harbors and rivers and acquire, construct, own and operate canals, irrigation work, wharves and warehouses, and all kinds of machinery, tools and materials used for all the purposes enumerated in the subdivision.

Would the proposed amendment so change the original purpose of the corporation as to prevent the execution thereof? We think it would. Under the original charter the corporation is incorporated for the purpose of conducting public warehouses for the storage of products and commodities only. It would seem apparent that a person subscribing to the capital stock in the corporation having as its purpose the conducting of public warehouses for the storage of products and commodities would not contemplate that such corporation would acquire, construct, maintain, operate and

Honorable William J. Lawson, Page 5

own urban and other lines of railway and all other kinds
of transportation and communication, or improve harbors
and rivers, and acquire, construct, own and operate canals,
etc. as set forth in Section (e) of Subdivision 80, supra.
The proposed amendment being a fundamental and material
change in the purpose of the corporation, it should not
be permitted.  10 Tex. Jur., page 664; Fletcher's Cyclopedia
Corporations, Vol. 7, page 7607.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:mp

OPINION COMMITTEE
BY BWB
CHAIRMAN